UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON CARL SUTTER,<br><br>Petitioner,<br><br>v.<br><br>J. GASTELO, Warden,<br><br>Respondent. | No. 1:19-cv-01091-DAD-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 18) |

Petitioner Brandon Carl Sutter is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 13, 2020, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be denied on the merits. (Doc. No. 18.) Specifically, the magistrate judge found that both of the grounds for federal habeas relief asserted in petitioner's pending petition—(1) that the evidence was insufficient to support his state court conviction; and (2) that his trial counsel rendered ineffective assistance in several instances—fail on their merits. (*Id*. at 5, 13.) Those findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within thirty (30) days from the date of service. (*Id*. at 13.) After seeking and receiving an extension of time to do so, petitioner filed objections to the pending findings and recommendations on January 25, 2020. (Doc. Nos. 20, 22.)

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including petitioner's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

In his objections, petitioner does not meaningfully dispute the magistrate judge's finding that both of the grounds for federal habeas relief he asserts fail on the merits. The pending findings and recommendations lay out the standards of review for each of the asserted grounds and explains why the pending petition falls short of satisfying those standards for the granting of relief. Petitioner's objections do not dispute or even address these standards. Rather, petitioner merely reiterates arguments that had already been addressed in the pending findings and recommendations. (Doc. No. 22 at 3–5.) After reviewing the relevant legal standards and applying those standards to petitioner's claims of insufficient evidence and ineffective assistance of counsel, the magistrate judge properly concluded that federal habeas corpus relief was unavailable to petitioner in connection with those claims. (*Id.*)

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). If, as here, a court denies a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Here, petitioner has not made

such a showing.  Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on January 13, 2020 (Doc. No. 18) are adopted in full;
2. This petition for writ of habeas corpus (Doc. No. 1) is denied;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **April 23, 2020**

UNITED STATES DISTRICT JUDGE